Sean C. Sheely
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York NY  10019
(212) 513-3200
sean.sheely@hklaw.com

*Attorneys for Plaintiff*
*Janome America, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY

| | |
|---|---|
| JANOME AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>SEW-VAC DEPOT, LLC, d/b/a HAVELOCK SEW VAC, also d/b/a LINCOLN SEW VAC, also d/b/a BRAVO EMBROIDERY USA, also d/b/a LINCOLN EMBROIDERY, and TODD KOMETSCHER,<br><br>Defendants. | Civil Action No._____ |

## COMPLAINT

Plaintiff, Janome America, Inc. ("Janome"), files this Complaint against Sew-Vac Depot, LLC, d/b/a Havelock Sew Vac, also d/b/a Lincoln Sew Vac, also d/b/a Bravo Embroidery USA, also d/b/a Lincoln Embroidery (hereafter collectively "Sew-Vac Depot" or "Corporate Defendants"), and Todd Kometscher, an individual, and states and allege as follows:

1. Janome is a corporation duly organized under the laws of the state of Illinois and maintains its primary place of business in Mahwah, New Jersey.  Janome sells sewing machines all over the country, including in this District.

2. Defendant Kometscher owns and operates Defendant Sew-Vac Depot, LLC, formerly a Nebraska limited liability company (now "Inactive") with an alleged principal place

of business at 6125 Havelock Avenue, Lincoln, Nebraska, 68507. Upon information and belief, Sew-Vac Depot, LLC, goes by a variety of names, but is most commonly known as Sew-Vac Depot.

3. Defendant Kometscher is the owner and chief executive officer of the Corporate Defendants and a resident of Nebraska. As such, Mr. Kometscher dominates and controls the Corporate Defendants

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121. Further, this Court possesses subject matter jurisdiction over this action insofar as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest or costs, and is between citizens of different states as provided in 28 U.S.C. § 1332(a)(1). Additionally, this Court has supplemental jurisdiction over Janome's state, statutory and common law claims under 28 U.S.C. § 1367(a) insofar as these claims are so related to the federal claims in the action that they form part of the same case or controversy.

5. This Court has personal jurisdiction over the Defendants by virtue of the long-arm jurisprudence of the State of New Jersey. Specifically, the Defendants have committed tortious acts within the state of New Jersey by, *inter alia*, selling and/or offering to sell products that infringe the trademarks of Plaintiff Janome, unfairly compete with the products of Plaintiff Janome, and make false representations as to the quality and character of the goods offered by Defendants, by virtue of Defendants' multiple websites, through which Defendants advertise and sell and/or offer to sell products that infringe the trademarks of Plaintiff Janome to residents of New Jersey.

6. Venue is properly placed in this District and Division pursuant to 28 U.S.C. § 1391.

## FACTS

7. Janome, along with its Japanese corporate parent, Janome Sewing Machines Co. Ltd, is one of the world's leading manufacturers and sellers of sewing machines. It sells its sewing machines through a network of authorized dealers and exercises quality control over the activities of its dealers and use of its **JANOME** name and **JANOME** and **ARTISTIC** marks by these dealers.

8. Janome's Japanese parent, Janome Sewing Machine Co., Ltd., is the owner of several incontestable U.S. trademark registrations, including the following:

- Reg. No. 614,776 – **JANOME** – for "sewing machines (hand, foot, and electrically operated) and parts thereof;"

- Reg. No. 2,019,523 – **JANOME** – for "electro presses and industrial desktop type robots;" and

- Reg. No. 3,526,297 – **JANOME** – for "sewing machines; metal working machines, namely, mechanical press, press fitting, industrial robots."

Copies of corresponding trademark registration certificates are attached and made a part hereof as Exhibit 1.

9. Janome is also the owner of a U.S. trademark registration, for **ARTISTIC (& Design)**, Reg. No. 4,036,307, in part for "Sewing machines." A copy of the corresponding trademark registration certificate is attached and made a part hereof as Exhibit 2.

10. Neither Defendant Kometscher nor the Corporate Defendants has ever been an authorized dealer of **JANOME** or **ARTISTIC** products and none of them have any sort of authorization from Janome to sell products, including sewing machines, embroidery machines, sergers and other goods, under the **JANOME** or **ARTISTIC** marks.

11. Defendants operates multiple websites – located, for example, at www.sewvacdepot.us, www.melcobravoembrodiery.com and www.lincolnembroidery.com – featuring the **JANOME** name and the **JANOME** and **ARTISTIC** marks, and offering to sell sewing machines and other products under those marks. Attached and made a part hereof as Exhibit 3 are copies of pages downloaded from Defendants' websites.

12. Attached and made a part hereof as Exhibit 4 is a copy of the Frequently Asked Questions ("FAQ") page of the "www.sewvacdepot.us" website. (The text is the same on the FAQ pages of Defendants' other referenced sites.) The page states: "Some of our products are only available in our brick-and-mortar store due to manufacturer requirements. As a result, we can not [sic] advertise these prices on the Internet."

13. **JANOME** and **ARTISTIC** products are among the products that are supposedly only available in Defendants' purported brick-and-mortar stores.

14. By their statement on the FAQ pages, Defendants flatly assert an obligation to comply with requirements set by the manufacturers of the products they purportedly offer. Such obligations are only borne by authorized dealers of manufacturers' products. Thus, by their FAQ statement, Defendants imply that they are authorized dealers of the corresponding products offered on their websites, including Plaintiff's.

15. By such implication, Defendants falsely hold out their alleged **JANOME** and **ARTISTIC** products as including manufacturers' warranties, when no such warranties are actually included.

16. Upon information and belief, Defendants have advertised **JANOME** and **ARTISTIC** products for the purpose of attracting customers, even when Defendants possessed no stock in any **JANOME** or **ARTISTIC** branded products.

17. Janome, twice in writing and once in person, has explained to Defendants the nature of its complaint and demanded that Defendants cease their unauthorized use of Janome's **JANOME** and **ARTISTIC** marks and their false representations, but Defendants have persisted and continue to persist in such infringing and violative activities.

18. Upon information and belief, Defendants have sold and/or offered to sell and continue to sell and/or offer to sell their infringing products to residents of New Jersey, and such residents have been attracted to Defendants' websites and alleged products by Defendants' use and prominent display of Plaintiff's **JANOME** and **ARTISTIC** marks.

## NATURE OF THE TRADE AND COMMERCE

19. Plaintiff Janome manufactures, distributes, markets, and sells throughout the United States sewing machines designed for home and commercial use under the **JANOME** name and mark and has continuously done so since the 1950s. Janome also sells such products under its **ARTISTIC** mark and has continuously done so for nearly five years. Janome has continuously used the **JANOME** name and mark in commerce in connection with the manufacture, distribution, marketing and selling of sewing machines designed for home and commercial use.

20. Janome's trademark **JANOME** is applied to sewing machines, sergers, embroidery machines and other equipment used in connection with sewing is strong and well known. The **JANOME** mark has become widely known throughout the United States in connection with the products of Janome among the discerning public. Janome's products sold under its **JANOME** mark are recognized as among the best sewing machines in the United States, with its reputation extending throughout the United States and worldwide so that consumers have come to distinguish the goods of Janome bearing its **JANOME** mark from others in the same or related fields.

21. Janome's trademark **ARTISTIC** is applied to sewing machine and related computer software is strong and well known. The **ARTISTIC** mark has become widely known throughout the United States in connection with the products of Janome among the discerning public. Janome's products sold under its **ARTISTIC** mark are recognized as among the best sewing machines in the United States, with its reputation extending throughout the United States and worldwide so that consumers have come to distinguish the goods of Janome bearing its **ARTISTIC** mark from others in the same or related fields.

22. For many years Janome has spent substantial amounts in advertising and promoting goods sold under its **JANOME** and **ARTISTIC** marks.

23. As a result of its efforts, Janome has developed valuable trademark rights including common-law rights in its **JANOME** and **ARTISTIC** marks, extending nationwide.

24. The mark **JANOME** as applied to sewing machines is a strong, fanciful designation, entitled to a broad scope of protection, especially when considered in light of the extent of advertising and sales by Janome under this designation.

25. The mark **ARTISTIC** as applied to sewing machines is a strong, suggestive designation, entitled to a broad scope of protection, especially when considered in light of the extent of advertising and sales by Janome under this designation.

26. As a result of Janome's long, extensive, exclusive, and continuous use of the **JANOME** name and mark in connection with sewing machines and related products, such as sergers and embroidery machines, and as a result of the enormous public exposure due to it through sales, advertising, promotion and excellent gratuitous publicity, the name and mark **JANOME** has acquired secondary meaning and has become extremely well and favorably

6

known as a designator of origin for products of Janome. The trademark **JANOME** serves to identify the source of Plaintiff's sewing machines.

27. As a result of Janome's long, extensive, exclusive, and continuous use of the **ARTISTIC** name and mark in connection with sewing machines and related computer software, and as a result of the enormous public exposure due to it through sales, advertising, promotion and excellent gratuitous publicity, the name and mark **ARTISTIC** has acquired secondary meaning and has become extremely well and favorably known as a designator of origin for products of Janome. The trademark **ARTISTIC** serves to identify the source of Plaintiff's sewing machines.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

28. Plaintiff Janome realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 27, inclusive above.

29. On information and belief defendant has used the **JANOME** and **ARTISTIC** marks in connection with products that do not include the manufacturer's warranties provided by Janome.

30. Plaintiff Janome possesses valid and superior common-law and federal statutory rights in the marks **JANOME** and **ARTISTIC**.

31. By reason of Plaintiff Janome's prior adoption and use of the **JANOME** and **ARTISTIC** federally registered trademarks, Plaintiff's rights in and to the **JANOME** and **ARTISTIC** marks are superior to and supersede any rights Defendants may have in the marks **JANOME** and **ARTISTIC**.

32. Defendants, at the time it sold or offered for sale machines bearing the **JANOME** or **ARTISTIC** marks, were on constructive notice of the existence of Plaintiff Janome's rights to

7

the **JANOME** and **ARTISTIC** marks, by reason of the existence of Janome's federal trademark registrations or those of its Japanese parent company.

33. On information and belief, Defendants had actual knowledge of Plaintiff Janome's prior and superior right to the **JANOME** and **ARTISTIC** marks.

34. On information and belief, Defendant is marketing and selling substantially identical goods under the **JANOME** and **ARTISTIC** marks, which are the property of Plaintiff and its Japanese parent.

35. Use by Defendants of the **JANOME** and/or **ARTISTIC** to sell and offer for sale sewing machines, embroidery machines, sergers and other equipment is without the permission or authorization of Plaintiff Janome.

36. The class of customers for the goods sold by Defendants is the same as the class of customers to whom Plaintiff offers its goods.

37. In view of the substantially identical nature of the parties' goods, the confusing similarity is caused by the use of the same trademarks by the two parties, the substantially similar channels of trade and classes of purchasers of the parties' goods, Defendants' continued use of the marks **JANOME** and **ARTISTIC** is likely to cause confusion, mistake and deception among purchasers and the public generally, leading them to believe, falsely, that Defendants' goods are those of, sponsored or approved by, or are in some way connected with Plaintiff, to the irreparable injury of Plaintiff and of the public. Despite such a likelihood of public confusion, mistake or deception, Defendants have continued to use and are presently using the marks **JANOME** and **ARTISTIC** disregarding Plaintiffs' demands that Defendants cease this activity.

38. On information and belief, Defendants' acts complained of herein have for their objective the willful appropriation of Plaintiffs' rights in the marks **JANOME** and **ARTISTIC** and of the valuable good will of Plaintiffs' business, thereby unlawfully benefitting Defendants.

39. On information and belief, the continued use of the trademarks **JANOME** and/or **ARTISTIC** by Defendants in connection with the sale of sewing machines, embroidery machines, sergers and other related equipment, will be likely to injure the business and reputation of Plaintiff and will dilute the distinctive quality of Plaintiff Janome's federally registered trademarks **JANOME** and **ARTISTIC**.

40. Defendants' use of the marks **JANOME** and/or **ARTISTIC** in connection with the sale of sewing machines, embroidery machines, sergers and other equipment is without Plaintiffs' consent, and is likely to cause confusion, mistake or deception and constitutes direct infringement of Plaintiff Janome's federal trademark rights, in violation of Title 15 U.S.C. § 1114. Plaintiff has no adequate remedy at law.

## COUNT II

### FEDERAL UNFAIR COMPETITION, FALSE REPRESENTATION AND FALSE DESIGNATION OF ORIGIN

41. Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 40, inclusive above.

42. The acts complained of aforesaid actually deceive and are likely to deceive the public into believing, falsely, that Defendants' products are those of, sponsored or approved by, or are in some way connected with Plaintiff, all to the irreparable injury of Plaintiff's trade and goodwill and to the injury of the public.

43. The aforesaid acts constitute federal unfair competition in the form of passing off, false representation, false advertising and false designation of origin, all in direct violation of 15 U.S.C. § 1125(a).

## COUNT III

### UNFAIR COMPETITION UNDER N.J.S.A. §§56:4-1 *et seq.*

44. Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 43, inclusive above.

45. This Court has supplemental jurisdiction over this cause of action and has jurisdiction pursuant to 28 U.S.C. § 1338(b).

46. On information and belief, Defendants' unauthorized use of Plaintiff's **JANOME** and **ARTISTIC** mark on their various websites constitutes acts of unfair competition through the appropriation, for Defendants' own use, of Plaintiff's name, brands, trademarks, reputation and goodwill, in violation of N.J.S.A. §§ 56:4-1 *et seq.*

47. Upon information and belief, Defendants committed these infringements and violations willfully, knowingly, maliciously, and in conscious disregard for Janome's rights.

48. Defendants' infringements and violations have caused, and unless enjoined by this Court will continue to cause, irreparable injury to Janome.

49. Plaintiff has no adequate remedy at law.

## COUNT IV

### DECEPTIVE ACTS AND PRACTICES IN VIOLATION OF THE COMMON LAW OF THE STATE OF NEW JERSEY

50. Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 36, inclusive above.

51. This Court has supplemental jurisdiction over this cause of action and has jurisdiction pursuant to 28 U.S.C. § 1338(b).

52. Defendants' unauthorized use of Plaintiff's **JANOME** and **ARTISTIC** marks on their various websites constitutes deceptive trade practices in violation of the common law of the State of New Jersey.

53. Upon information and belief, Defendants committed these infringements and violations willfully, knowingly, maliciously, and in conscious disregard for Janome's rights.

54. Defendants' infringements and violations have caused, and unless enjoined by this Court will continue to cause, irreparable injury to Janome.

55. Plaintiff has no adequate remedy at law.

## COUNT V

## COMMON LAW UNFAIR COMPETITION

56. Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 36, inclusive above.

57. This Court has supplemental jurisdiction over this cause of action and has jurisdiction pursuant to 28 U.S.C. § 1338(b).

58. On information and belief, the acts of Defendants, as heretofore alleged, have been done with the intent to deceive the public, for the purpose of misappropriation of Plaintiff's valuable goodwill and proprietary interest in the **JANOME** and **ARTISTIC** marks and in undertaking such actions, Defendants have acted to cause injury to Plaintiff, all of which constitutes unfair competition under the common law of the State of New Jersey.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1. That Defendants and their officers, directors, agents, owners, employees, representatives and attorneys and all others acting under, or in concert with them, or with any of them, be forthwith preliminarily and permanently enjoined and restrained from:

   a. infringing Plaintiff's rights to the marks **JANOME** and **ARTISTIC**;

   b. using the designations **JANOME** or **ARTISTIC** any colorable imitation thereof upon any product or product container or on defendants' website, letterhead, signage, advertising or promotional material, either in print or broadcast or electronic form or other forms either separately or compositely with other words, symbols or devices, as a corporate or trading name or as a trademark, in connection with the sewing machines, embroidery machines, sergers or related equipment;

   c. in any manner imitating Plaintiff's marks **JANOME** or **ARTISTIC** for the purpose of acquiring Plaintiff's trade and goodwill by imitation, fraud, mistake or deception; and

   d. unfairly competing with Plaintiff in any manner whatsoever.

2. For an Order holding that Defendants' activities complained of herein constitute Federal Trademark Infringement, Federal Unfair Competition, Unfair Competition Under N.J.S.A. §§ 56:4-1 *et seq.*, Deceptive Acts and Trade Practices under the Common Law of the State of New Jersey, and Common Law Unfair Competition.

3. For an Order directing Defendants to file with this Court and to serve upon Plaintiff within thirty (30) days after service of the injunction, a report, in writing, and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction and any further orders of this Court.

4. That Defendants and their agents, employees, representatives, and all others acting under their direction or control or in concert with them, or any of them, be ordered to immediately deliver up for destruction all product, labels, packaging, containers, tags, advertising materials, catalogs, promotional material, flyers, signs, disks, tapes and any and all other materials which bear Plaintiff's **JANOME** or **ARTISTIC** marks or any colorable imitation thereof or any other designation which contains or consists of the Plaintiff's **JANOME** or **ARTISTIC** marks.

5. For joint and several liability for damages and a trebling of same, profits and costs of suit, pursuant to 15 U.S.C. § 1117 (a).

6. For an award of attorneys' fees due to the exceptional nature of this case, pursuant to 15 U.S.C. § 1117 (a).

7. For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff Janome demands a trial by jury of twelve on all issues so triable.

Date: October 20, 2015

/s/ Sean C. Sheely
Sean C. Sheely
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York NY 10019

                        212 513 3200
                        sean.sheely@hklaw.com

*Attorneys for Plaintiff*
*Janome America, Inc.*

OF COUNSEL:

Thomas W. Brooke (*Pro Hac Vice* to be submitted)
Daniel C. Neustadt (*Pro Hac Vice* to be submitted)
HOLLAND & KNIGHT LLP
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
(202) 955-3000
thomas.brooke@hklaw.com
dan.neustadt@hklaw.com

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that to the best of his knowledge with respect to the matter in controversy herein, neither Plaintiff nor Plaintiff's attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.


Date:  October 20, 2015            By:   /s/ Sean C. Sheely
                                         Sean C. Sheely
                                         HOLLAND & KNIGHT LLP
                                         31 West 52nd Street
                                         New York NY  10019
                                         212 513 3200
                                         Sean.sheely@hklaw.com

                                         *Attorneys for Plaintiff*
                                         *Janome America, Inc.*

#37554600_v2